# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 6, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| CAROL CONSTANTINE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-1685V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Julia Collison, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 1, 2018, Carol Constantine ("Petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that as a result of a Measles, Mumps, and Rubella ("MMR") vaccine on December 1, 2015, she developed pityriasis lichenoides. Petition at 1 (ECF No. 1).  On December 14, 2021, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day.  Decision dated Dec. 14, 2021 (ECF No. 82).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

On December 17, 2021, Petitioner filed an application for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Mot."), filed Dec. 17, 2021 (ECF No. 86). Petitioner requests compensation in the amount of $50,102.99, representing $40,918.00 in attorneys' fees and $9,184.99 in costs. Id. at 2. Petitioner also requested $3,340.00 in attorney's fees and $32.09 in expenses for a total of $3,372.09 for work performed by Petitioner's former counsel, Mr. Matthew Belanger. Id. at 3. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation. Id. at 5. Respondent filed his response on December 20, 2021, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Dec. 20, 2021, at 2 (ECF No. 87). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of $52,975.08.

I.  DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. In this case, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

A.  **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent

2

and without providing a Petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a Petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application."  Saxton, 3 F.3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of their counsel: for Mr. Andrew Downing, $385.00 per hour for work performed in 2018 through 2021; and for Ms. Courtney Van Cott, $205.00 per hour for work performed in 2018 and 2019, and $275.00 per hour for work performed in 2020 and 2021.  Pet. Mot., Exhibit ("Ex.") A.  Petitioner also requests the rate $135.00 per hour for work performed by their counsel's paralegals in 2018 through 2021.  Id.  The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.  See, e.g., Raymer v. Sec'y of Health & Hum. Servs., No. 18-794V, 2020 WL 6747470, at *2 (Fed. Cl. Spec. Mstr. Oct. 22, 2020); Tucker v. Sec'y of Health & Hum. Servs., No. 19-13V, 2020 WL 6777559, at *2 (Fed. Cl. Spec. Mstr. Oct. 30, 2020); Muller v. Sec'y of Health & Hum. Servs., No. 18-1258V, 2021 WL 850866, at *2 (Fed. Cl. Spec. Mstr. Jan. 28, 2021); Hoover v. Sec'y of Health & Hum. Servs., No. 20-1394V, 2021 WL 5575768, at *9 (Fed. Cl. Spec. Mstr. Nov. 1, 2021).

Additionally, Petitioner requests $350.00 per hour for work performed in 2018 by Petitioner's former counsel, Mr. Belanger.  Petitioner requests $100.00 per hour for work performed by paralegal Ann M. Steinmetz.  The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.  See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl.

Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

Upon review of the submitted billing records, the undersigned finds the majority of the time billed to be reasonable. The timesheet entries are sufficiently detailed for an assessment to be made of the entries' reasonableness. However, a small reduction is necessary due to excessive paralegal time billed. Paralegals billed time on administrative tasks such as filing documents and handling payments for medical records. Paralegal time was also excessive for review of filings (e.g., 0.3 hours to receive, review and organize all client files and review status reports and scheduling orders). These issues have previously been raised with the Van Cott & Talamante firm. Sheridan v. Sec'y of Health & Hum. Servs., No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); Moran v. Sec'y of Health & Hum. Servs., No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019); Muller v. Sec'y of Health & Hum. Servs., No. 18-1258V, 2021 WL 850866, at *2 (Fed. Cl. Spec. Mstr. Jan. 28, 2021). Therefore, a reasonable reduction of $500.00 is being made for excessive billing for paralegal time. Petitioner is therefore awarded final attorneys' fees of $40,418.00.

The undersigned has reviewed the submitted billing entries for the Faraci Lange firm and finds the total number of hours billed to be reasonable and will award them in full.

### B.     Attorneys' Costs

Petitioner requests a total of $9,184.99 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, Westlaw search fee, and for work performed by Petitioner's expert, Dr. Mark Serota. Pet. Mot., Ex. B at 40-55. The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

Petitioner requests a total of $32.09 in attorneys' costs for Petitioner's former counsel. This amount is comprised of acquiring medical records. Pet. Mot., Ex. B at 57. The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

## II.     CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

Van Cott & Talamante Firm Fees and Costs

| | |
|---|---|
| Attorneys' Fees Requested | $40,918.00 |
| (Total Reduction from Billing Hours) | -$500.00 |
| **Total Attorneys' Fees Awarded** | **$40,418.00** |
| | |
| Attorneys' Costs Requested | $9,184.99 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$9,184.99** |

|  |  |
|---|---|
| **Total Attorneys' Fees and Costs Awarded** | **$49,602.99** |

     Faraci Lange Firm Fees and Costs

| | |
|---|---|
| Attorneys' Fees Requested | $3,340.00 |
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$3,340.00** |
|  |  |
| Attorneys' Costs Requested | $32.09 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$32.09** |
|  |  |
| **Total Attorneys' Fees and Costs Awarded** | **$3,372.09** |

     **Accordingly, the undersigned awards the following amount:**

     **(1)    The undersigned awards $49,602.99 in attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Andrew Downing.**

     **(2)    The undersigned awards $3,372.09 in attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's former counsel, Mr. Matthew Belanger.**

     In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

     **IT IS SO ORDERED.**

                                                                  <u>s/Nora Beth Dorsey</u>
                                                                   Nora Beth Dorsey
                                                                   Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.